KEKER, VAN NEST & PETERS LLP
AJAY S. KRISHNAN #222476
akrishnan@keker.com
RYAN K. WONG #267189
rwong@keker.com
ERIN E. MEYER #274244
emeyer@keker.com
STEPHANIE J. GOLDBERG #328710
sgoldberg@keker.com
ERIC HANSON #254570
ehanson@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant
WESTERN DIGITAL CORPORATION and
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN DIGITAL CORPORATION, and SANDISK CORPORATION, <br><br> Defendants. | Case No. 8:25-cv-00119-MWF (DFMx) <br><br> **DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY** <br><br> Date:      June 30, 2025 <br> Time:     10:00 a.m. <br><br> Date Filed:  January 22, 2025 <br><br> Trial Date:  Not Yet Set |

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN
SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .........................................................................................1

II.  LEGAL ARGUMENT...................................................................................2

    A.   Defendants' motion is procedurally proper. .......................................2

    B.   The first-to-file rule's convenience exception justifies a stay.............5

    C.   All other *Lockyer* factors favor a stay. .................................................7

    D.   The customer-suit exception also favors a stay. .................................9

III. CONCLUSION ...........................................................................................11

i

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
666 F. Supp. 2d 1109 (C.D. Cal. 2009) ....................................................6, 8, 9

*Covves, LLC v. Dillard's, Inc.*,
No. 2:18-cv-08518-RGK-AFM, 2019 WL 2022227 (C.D. Cal. Jan. 18, 2019)..........................................................................................................9, 11

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
737 F.3d 704 (Fed. Cir. 2013) ...................................................................4, 5

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014) ..............................................................4, 5

*Longitude Licensing Ltd. v. Amazon.com, Inc.*,
8:23-cv-00039-JWH-DFM, ECF No. 43 (C. D. Cal. May 16, 2023)...............11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008).....................................................................4, 5

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014) ....................................................................11

*Pinn, Inc. v. Apple, Inc.*,
19-cv-01805-DOC-JDE, 2020 WL 6064642 (C.D. Cal. Aug. 27, 2020) ...............................................................................................................9

*Samsung Elecs. Co. v. Blaze Mobile, Inc*,
No. 5:21-cv-02989-EJD, 2022 WL 103552 (N.D. Cal. Jan. 11, 2022) ...............................................................................................................8

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
473 F. Supp. 3d 1021 (N.D. Cal. 2020)...........................................................4

*SPEX Techs., Inc. v. Western Digit. Corp.*,
No. 8:16-cv-01799-JVS-AGR, ECF No. 633 (C.D. Cal. Feb. 7, 2025) ...............................................................................................................3

ii

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN
SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

*Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*,
    No. SACV 19-00791, 2019 WL 8219779 (C.D. Cal. Nov. 25, 2019)...........9, 11

**Federal Statutes**

28 U.S.C. § 1404(a) ................................................................................................2

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

## I.    INTRODUCTION

The parties agree that this case and the Sandisk DJ Action[1] pending in the Northern District of California involve the same patents, the same accused technology, and (now) the same manufacturer of that technology. The only question is which court should resolve this dispute. The answer, as explained in Defendants' opening brief, is clear: the declaratory judgment action filed by Sandisk, who designed and manufactured the accused technology, should proceed in the Northern District of California, which is a far more convenient forum for Sandisk, Plaintiffs, and both party and non-party witnesses.

Nothing in Plaintiffs' opposition brief compels a different result. ***First***, Plaintiffs argue that a stay is procedurally improper because Defendants did not file a convenience transfer motion under Section 1404. That is wrong. Sandisk filed its declaratory judgment action in the Northern District of California before it was a party to this lawsuit, and in similar circumstances courts routinely impose stays without requiring transfer. Moreover, Plaintiffs ignore that their own motion pending in the Northern District of California seeks the very same remedy they claim is improper here: a stay in favor of another forum. In short, there is nothing improper about the relief Defendants seek.

***Second***, Plaintiffs' attempt to invoke the first-to-file doctrine against Defendants ignores the convenience of the Northern District, which is a key factor under the *Lockyer* test. This is a prototypical case for applying the convenience exception under *Lockyer*: Sandisk filed its action in the forum where it—and Plaintiffs—are headquartered, and where the relevant witnesses and evidence reside. The Northern District is plainly the more convenient and appropriate venue under the law for resolving this patent dispute. Moreover, the Northern District trial court has already held a case management conference and has ordered the parties to

---

[1] Capitalized terms used in this Reply have the same definitions set forth in Defendants' opening Motion.

2985154

submit a case schedule within a matter of weeks. Therefore, proceeding in the Northern District will not prejudice Plaintiffs, as that action is proceeding apace. Under *Lockyer*, all of these facts strongly favor a stay of this action.

**Third**, Plaintiffs have no credible response to the customer-suit exception, which provides an independent basis to stay this case. Sandisk is the true defendant in interest, and Western Digital's role is, at most, derivative of Sandisk's conduct. It is irrelevant to the customer-suit exception whether Western Digital owns 20% of Sandisk (which is factually incorrect in any event), particularly given that Western Digital has agreed to be bound by any infringement or invalidity determinations in the Sandisk DJ action. Staying this case will avoid dragging a peripheral party into duplicative litigation.

In sum, under both *Lockyer* and the customer-suit exception, the Northern District is the more suitable and convenient forum to resolve this dispute. This Court should grant Defendants' motion and stay this action pending the outcome of the Northern District litigation.

## II. LEGAL ARGUMENT

### A. Defendants' motion is procedurally proper.

A fundamentally flawed premise of Plaintiffs' Opposition is that Sandisk should not have filed a declaratory judgment action in the Northern District, and instead should have joined this action only to file a motion to transfer under 28 U.S.C. § 1404(a). These suggestions of gamesmanship have no basis in fact.

It is helpful to recap how we arrived here. Plaintiffs originally filed this case in January 2025 only against Western Digital. On February 21, 2025—which was after the Complaint was filed but well before Western Digital's March 20, 2025 deadline to respond to the Complaint—Western Digital spun off Sandisk as a separate entity. This was no surprise to Plaintiffs. Indeed, Plaintiffs' counsel of record was heavily involved in litigating issues related to the Sandisk spin-off in the context of a separate patent litigation in this District **before** the spin-off took place.

2

2985154

*See, e.g.*, *SPEX Techs., Inc. v. Western Digit. Corp.*, No. 8:16-cv-01799-JVS-AGR, ECF No. 633 at 2 (C.D. Cal. Feb. 7, 2025). So Plaintiffs were well aware that the spin-off was imminent. Nevertheless, rather than add the post-spin-off Sandisk as a defendant in this case, Plaintiffs did nothing.

On March 7, 2025, as Western Digital's deadline for responding to the Complaint drew near—with still no action taken against Sandisk—Sandisk took the reasonable step of initiating a declaratory judgment action in the only venue that made sense for it to sue: the Northern District of California, which is the residence of both it and Plaintiff IPValue. What Sandisk did not do—because it would have made no sense—was to seek to intervene in this lawsuit, which was filed in an inconvenient and improper venue, only to then turn around and seek to transfer this case to the Northern District of California.

Indeed, even after Sandisk filed its declaratory judgment action in the Northern District of California—i.e., the first-filed case involving Sandisk—Plaintiffs *still* didn't add Sandisk as a plaintiff here. It was only after Western Digital fully prepared its motion to stay this case in favor of the Northern District Action, and after counsel for Western Digital advised Plaintiffs' counsel that it intended to file such a motion to stay, that Plaintiffs *finally* added Sandisk as a plaintiff here.

Accordingly, Plaintiffs' suggestion of impropriety in the filing of the Sandisk DJ Action is meritless. Moreover, Plaintiffs' contentions that Defendants' discussion of the *Lockyer* convenience factor is an attempt to "circumvent their heightened burden of proof on a" transfer motion (Opp. at 6), are plain wrong. Given that Sandisk had already initiated a case in the Northern District of California *before* it was a defendant here, it made no sense for Defendants to "transfer" this case there; the relevant case already exists in the Northern District.

Under these circumstances, a stay is a well-recognized mechanism to address duplicative litigation; it is not a venue-transfer motion in disguise. Indeed, the

3

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

Federal Circuit has held that "the trial court weighing jurisdiction [over duplicative actions] . . . must consider the real underlying dispute: the convenience and suitability of competing forums." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Defendants are required, under *Micron* and other binding precedent, to discuss convenience factors. Plaintiffs' suggestion of some underhanded attempt to skirt the rules is unfounded.

At bottom, Plaintiffs seem to suggest that the Court should not consider convenience factors because they are advocating for an inflexible application of the first-to-file rule. But the first-to-file rule is "not absolute." *See, e.g.*, *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). "[E]xceptions [to the first-to-file rule] may be made if justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" *Id.* (quoting *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005)). Such "[j]ustification for an exception may be found in 'the convenience and availability of witnesses'" among other things. *Id.* (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).[2]

The first-to-file rule is not as inflexible as Plaintiffs claim. Indeed, it merely creates a rebuttable presumption, which grants courts flexibility to depart from strict chronological priority when appropriate. *See, e.g.*, *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014) (staying a first-filed patent infringement case in favor of a later-filed declaratory judgment action). And regardless of whether the Court deems this action "first" or not, Defendants' motion asks this Court to exercise its discretion to stay a duplicative action in favor of a more convenient and

---

[2] *SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1027 (N.D. Cal. 2020), cited in Plaintiffs' opposition, does not require a different outcome. In *SMIC*, the Court did consider the convenience of the forum under the third *Lockyer* factor and found that the record reflected "some legitimate reasons" for the convenience of the forum in the first-filed case. Only then did the Court suggest that "these issues would have been more suitable in a motion to transfer venue in the" first-filed case. *Id.*

4
DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

comprehensive proceeding. This approach aligns with the first-to-file rule's purpose, rather than undermining it. In sum, there is nothing procedurally improper about seeking a stay to coordinate two overlapping cases. The motion is properly before this Court and should be decided on its merits, under the appropriate legal standards for stays and first-to-file exceptions.

## B.    The first-to-file rule's convenience exception justifies a stay.

As set forth above, the third *Lockyer* factor requires the Court to consider the "convenience and suitability of competing forums." *Micron*, 518 F.3d at 904. Part of that analysis involves the "convenience and availability of witnesses[.]" *Futurewei*, 737 F.3d at 708. As a result, courts regularly stay cases (even first-filed cases) in favor of proceedings in a forum where the majority of the witnesses and the evidence are located. *See, e.g.*, *In re Google*, 588 F. App'x at 991. Here, the Northern District of California is a manifestly more convenient forum for the core patent-infringement dispute between Plaintiffs and SanDisk.

Defendants have established that the Northern District is the more convenient forum, and Plaintiffs have done nothing to undermine those facts. ***First***, there is no dispute that Sandisk was responsible for designing and manufacturing the technology accused of infringing the asserted patents. Mot. at 9. Sandisk's corporate headquarters are in the Northern District, and to the extent that the flash-memory technology that is accused of infringement was designed in the United States, that design and engineering work occurred in the Northern District in Milpitas. Koh Decl. ¶ 6. The engineers who are likely to testify about how the flash memory technology in this products work are located in the Northern District. *Id.* In addition to Anne Koh, who was identified in Defendants' motion, Sandisk has since identified three other employees with relevant information related to the infringement allegations in this case and has disclosed those employees in its initial disclosures in the Northern District case. Each of those employees—Long Pham, Keyur Payak, and Hiro Kinoshita—are located in the Northern District. Reply

5

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

Declaration of Anne Koh ("Koh Reply Decl.") ¶ 3. Additionally, there is no dispute that the relevant product design documents are located in the Northern District, at Sandisk's Milpitas corporate headquarters. Koh Decl. ¶ 6. Although Plaintiffs complain about Defendants' evidence in support of their motion to stay, Opp. at 10-11, they present no evidence suggesting that any relevant witnesses or evidence are located in the Central District.

**Second**, Plaintiff IPValue is located in the Northern District, making the Northern District a more convenient venue for Plaintiff as well.[3] And because Plaintiffs brought suit outside their home forum, this Court does not need to give substantial deference to Plaintiffs' choice of forum. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009). Moreover, one of the two witnesses Plaintiffs have identified as potentially relevant to this case is located in the Northern District. In their initial disclosures in the Sandisk DJ Action, Plaintiffs identified Amit Garg of LFMS, who is located in San Jose in the Northern District. Declaration of Erin Meyer ("Meyer Decl.") ¶¶ 3-4; Ex. A. at 5 (listing Amit Garg); Ex. B at 1 (listing his location as San Jose). Plaintiffs have not identified any unique local interest in adjudicating this case in the Central District.

**Third**, Plaintiffs do not dispute that many of the key third-party witnesses in this case reside in the Northern District. Igor Polishchuk and Krishnaswamy Ramkumar, inventors on three of the five asserted patents, are located in the Northern District. *See, e.g.*, '537, '240, and '365 patents. Additionally, Plaintiffs allege in the complaint that their patent rights trace back to a company called Cypress Semiconductor Corp., *see* FAC ¶ 2, which was based in San Jose, California. *See, e.g.*, '664 patent.

---

[3] Plaintiff LFMS is located in Ireland and has deputized IPValue in the Northern District by providing IPValue with an exclusive license to the Asserted Patents. FAC ¶¶ 3, 6. Indeed, as further indication of Plaintiffs' intermingled relationship, Amit Garg lists his employer as IPValue (as of 2019 until present) on his LinkedIn profile, while Plaintiffs listed him as associated with LFMS on their initial disclosures. *See* Ex. A at 5; Ex. B at 1.

*Fourth*, the Court in the Sandisk DJ Action held an initial case management conference on June 5, 2025. *See* Sandisk DJ Action, ECF No. 29. At that conference, the Court ordered the parties to select an ADR process and identify a private mediator. *Id.* The court also ordered the parties to file a revised proposed scheduling order by July 3, 2025. *Id.* IPValue and LFMS's current proposed scheduling order in the Sandisk DJ Action would require infringement contentions to be served by August 20, 2025. The Sandisk DJ Action, therefore, is moving ahead of this case.

In sum, Defendants have identified specific witnesses who reside in the Northern District and have summarized the expected testimony of those witnesses. Mot. at 9-11. Defendants have also identified the location of relevant documents in the Northern District. In response, Plaintiffs have not identified a single witness expected to testify in this case who is located in the Central District. All Plaintiffs say in their opposition is that Western Digital and Sandisk have offices in Irvine, CA. But the sworn testimony submitted to this Court by declarant Anne Koh establishes that relevant Sandisk witnesses do not work out of the Irvine office. Koh Decl. ¶ 6. The sworn testimony from Western Digital's declarant, Karin Werder, establishes that all products sold by Western Digital that incorporate flash storage merely incorporate Sandisk's flash memory into the end product. Werder Decl. ¶ 4. Plaintiffs have made no attempt to rebut this evidence.

In this case, the balance of all the convenience factors tips sharply in favor of the Northern District, indicating that the third *Lockyer* factor favors a stay.

## C.    All other *Lockyer* factors favor a stay.

In addition to considering the orderly course of justice (*i.e.*, judicial economy and simplification of issues, discussed above), the Ninth Circuit instructs courts to weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including: (1) potential prejudice or damage to the non-moving party from a stay, and (2) hardship or inequity to the moving party if the case proceeds.

7

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

As explained in Defendants' opening brief, both of these factors favor granting a stay in this case. Mot. at 12-13. Nothing in the opposition proves otherwise, and Plaintiffs' claim of prejudice in particular exposes why these factors weigh in favor of a stay.

*First*, Plaintiffs argue that they will be prejudiced by a stay because IPValue has an "interest in the timely enforcement of its patent rights." Opp. at 12. But Plaintiffs will be able to attempt to enforce their patent rights in the Sandisk DJ Action, where questions of infringement will be adjudicated. More importantly, here, Plaintiffs' own conduct belies any claim of urgency in enforcing their patent rights. They have moved to halt or delay the Sandisk DJ Action, Opp. at 4, which has already held an initial case management conference, and where the parties will soon submit a scheduling order where infringement contentions will be due in August. This confirms that speed to resolution is not Plaintiffs' primary concern.

*Second*, the only potential harm to Plaintiffs is a potential delay in pursuing monetary relief, and such delay—by itself—is not "undue" prejudice in the stay analysis.[4] Plaintiffs are not a competitor seeking injunctive relief or market protection; they are seeking patent licensing revenue, which can be fully compensated through damages (with interest) after the other action concludes. *See* Mot. at 12-13 (collecting cases). The case law Plaintiffs cite in support of their claim of prejudice, *see* Opp. at 12-13, does not compel a different conclusion. *Samsung Elecs. Co. v. Blaze Mobile, Inc.*, addressed the question of whether it was appropriate to stay the case "pending the outcome of *Inter Partes* Review." No. 5:21-cv-02989-EJD, 2022 WL 103552, at *1, *4 (N.D. Cal. Jan. 11, 2022). There,

---

[4] Defendants argue in their opposition that they will be "substantially prejudice[d]" by being "depriv[ed] . . . of their choice of forum". Opp. at 12 (citing *Int'l Med. Devices, Inc. v. Cornell*, No. 20-cv-3503-CBM-(RAOx), 2021 WL 3415217, at *2 (C.D. Cal. June 15, 2021)). But in *Int'l Medical Devices*, the plaintiffs resided in the Central District where the case was filed, which was the reason why plaintiffs' choice of forum was afforded "great weight." *Id.* at *2. But, as discussed above, a plaintiff's choice of a foreign forum is accorded "little weight." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1131.

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN
SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

the court found that prejudice could result from plaintiff's inability to "timely enforce[] its patent rights." *Id.* at *4. But a stay pending IPR is substantially distinguishable from the stay sought here because it "freez[es] all other progress in the case." *Id.* Here, as opposed to any freeze, the Sandisk DJ Action will resolve the precise issue of infringement presented by Plaintiffs in this case.[5] And *Covves, LLC v. Dillard's, Inc.*, involved a motion to stay in favor of an infringement suit filed against ***different defendants***, where Dillard's did "not agree[] to be bound by the outcome of the" other suit. No. 2:18-cv-08518-RGK-AFM, 2019 WL 2022227, at *2, *4 (C.D. Cal. Jan. 18, 2019), Here, to the contrary, Western Digital has agreed to be bound by any judgment of infringement or validity that is issued in the Sandisk DJ Action. Werder Decl. ¶ 8. Moreover, if the Sandisk DJ Action proceeds, Plaintiffs will almost certainly file counterclaims and seek damages against Sandisk for patent infringement. Plaintiffs' arguments about delay thus lack merit.

Having sought to stay the Northern District case, which is moving forward more quickly than this case, Plaintiffs cannot credibly claim that a stay here would irreparably harm them. And should Plaintiffs ultimately prevail on their patent claims, they will be made whole through damages.

### D.    The customer-suit exception also favors a stay.

As explained in its opening brief, SanDisk is the party truly at the center of this patent controversy, as it developed and supplied the technology in question. Western Digital's interests are derivative of Sandisk's, so it makes sense for the Northern District case—which directly pits the patent owner against the manufacturer—to proceed first. *See Tissue Anchor Innovations, LLC v. Fountain Valley Reg'l Hosp.*, No. SACV 19-00791 JVS (ADSx), 2019 WL 8219779, at *3 (C.D. Cal. Nov. 25, 2019) ("the customer-suit exception to the first-to-file rule . . .

---

[5] *Pinn, Inc. v. Apple, Inc.*, cited by Plaintiffs, No. SA CV 19-cv-01805-DOC-JDE, 2020 WL 6064642, at *2 (C.D. Cal. Aug. 27, 2020) was also a motion to stay pending IPR.

exists to avoid, if possible, imposing the burdens of trial on the customer," for it is the manufacturer who is generally "the true defendant" in the dispute). This avoids dragging a less-involved party (Western Digital, who is now a customer of Sandisk) into immediate litigation when the primary dispute can be resolved between IPValue/LFMS and Sandisk, particularly given that Western Digital has agreed to be bound to the N.D. Cal. determinations on infringement and validity (if any).

Plaintiffs attempt to downplay the customer-suit exception by arguing that Western Digital is not a "mere reseller" or is too closely tied to SanDisk to be considered peripheral, but neither of those criticisms are relevant under the law.

***First***, regardless of whether Western Digital owns some small percentage of Sandisk stock (it's not 20%, as Plaintiffs assert, *see* Meyer Decl. ¶ 5 and Ex. C), Sandisk—as the manufacturer of the accused technology—is the party with the primary responsibility and interest in defending against the patent claims, whereas Western Digital is a downstream customer whose liability, if any, derives from Sandisk's products. The partial ownership does not mean Western Digital has unique evidence or defenses separate from SanDisk—it does not.

Plaintiffs' focus on Western Digital's past corporate relationship with Sandisk does not change this conclusion. While it is true that Western Digital owned and controlled Sandisk until the recent spin-off, during that period, Sandisk's flash memory business was simply operating within Western Digital's corporate structure as a business unit of Western Digital. *See* Werder Decl. ¶ 4. Now that Sandisk has been spun-off as an independent company, all that technology, the engineers, and the relevant assets reside with Sandisk. *See id.* ¶ 6. Thus, for all accused activities (past and present), Sandisk (whether as a former division or current independent company) is the entity directly involved in making and designing the accused products. Critically, Sandisk has agreed to accept liability for all pre-spinoff products with respect to Plaintiffs' infringement claim.

2985154

*See* Koh Decl. ¶ 7.[6]

Moreover, Plaintiffs have now joined Sandisk as a co-defendant in this action, which confirms that Sandisk is the party with the greater "interest in defending" the allegations. *Covves*, 2019 WL 2022227, at *3. But having ensured that the manufacturer is now a party in this case, Plaintiffs ironically argue that the customer-suit exception should no longer apply. Courts, however, have made clear that the customer-suit principle is ultimately about efficiency and fairness, and even when a manufacturer and its customers are sued together in one action, the manufacturer-focused resolution should take precedence. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014); *see also Longitude Licensing Ltd. v. Amazon.com, Inc.*, 8:23-cv-00039-JWH-DFM, ECF No. 43 at 7-9 (C. D. Cal. May 16, 2023).

In sum, Western Digital is precisely the kind of peripheral party for whom the customer-suit exception is intended. The exception "exists to avoid . . . imposing the burdens of trial on the customer" where the manufacturer can and should address the infringement allegations. *Tissue Anchor*, 2019 WL 8219779, at *3.

## III.    CONCLUSION

For the reasons set forth herein and in Defendants' opening brief, Defendants respectfully request that the Court stay this action pending resolution of the Sandisk DJ action in the Northern District of California.

---

[6] Plaintiffs' complaint that the actual agreement related to liability-shifting is not attached to the Motion is not well taken. The spinoff involved two public companies, and SEC filings (available to Plaintiffs) confirm exactly what Sandisk's declarant, Anne Koh, said in support of the motion. *See, e.g.*, PDF available at https://investor.wdc.com/sec-filings/sec-filing/8-k/0001193125-25-033383 at 39 (discussing indemnification).

1    Dated: June 16, 2025                    KEKER, VAN NEST & PETERS LLP

2

3                                   By:   /s/ *Erin E. Meyer*
                                         AJAY S. KRISHNAN
4                                        RYAN K. WONG
                                         ERIN E. MEYER
5                                        STEPHANIE J. GOLDBERG
                                         ERIC B. HANSON
6
                                         Attorneys for Defendant
7                                        WESTERN DIGITAL CORPORATION and
                                         SANDISK CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN
SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154

CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document contains 3,730 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 16, 2025

By: */s/ Erin E. Meyer*
ERIN E. MEYER

DEFENDANTS WESTERN DIGITAL CORPORATION AND SANDISK CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY
Case No. 8:25-cv-00119-MWF (DFMx)

2985154