# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS LTD.,<br><br>*Defendants*. | Civil Action No. 5:25-cv-2389-PCP<br><br>**JURY DEMANDED** |

### DEFENDANTS IPVALUE MANAGEMENT INC. AND LONGITUDE FLASH MEMORY SOLUTIONS LTD. INITIAL AND ADDITIONAL DISCLOSURES

Pursuant to the Court's Initial Case Management Conference Order (Dkt. 11) and the Federal Rule of Civil Procedure 26(a)(1), Defendants, IPValue Management, Inc. and Longitude Flash Memory Solutions Ltd. (collectively, "Defendants" or "IPValue") provides the following Initial Disclosures to Plaintiff, Sandisk Corporation ("Plaintiff" or "Sandisk").

The following disclosures are made based on Defendants' current knowledge, information, and belief based on a reasonable and good-faith inquiry. IPValue reserves the right to supplement or amend these disclosures at any time based upon its continuing investigation and discovery.

Further, by making these disclosures, IPValue does not (1) represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, (2) concede the relevance or admissibility or any of the information provided, or (3) waive its right to object to the production of any document or tangible thing disclosed herein on the bases of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection, or to seek protection under a suitable protective order, agreed to by the parties or issued by the Court under Rule 26(c) of the Federal Rules of Civil Procedure, for any information to be provided in discovery in this case. Subject to the foregoing, IPValue provides the following disclosures:

Subject to the foregoing, IPValue provides the following information and disclosures based on the claims filed by Sandisk, which requests declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, of the following patents: U.S. Patent Nos. 8,663,537 ("'537 Patent"); 9,929,240 ("'240 Patent"); 6,963,505 ("'505 Patent"); and 7,671,664 ("'664 Patents") (collectively, the "Declaratory Judgment Patents").

## INITIAL DISCLOSURES

### I. CORRECT NAMES OF THE PARTIES TO THE LAWSUIT

"IPValue Management, Inc." and "Longitude Flash Memory Solutions, Ltd." are the correct names of Defendants. On information and belief, the correct name of the Plaintiff is "Sandisk Corporation".

### II. POTENTIAL PARTIES

Defendants are currently unaware of any additional potential parties. Defendants reserve the right to join additional parties in light of discovery.

### III. THE LEGAL THEORIES AND, IN GENERAL, THE FACTUAL BASES OF CLAIMS OR DEFENSES

Defendants identify the following legal theories, and, in general, the factual basis for its defenses. Discovery is ongoing, and Defendants reserve the right to supplement this disclosure as discovery progresses. Defendants provide these disclosures in view of the allegations as currently set forth in Sandisk's complaint. Defendants reserve their right to amend or supplement these disclosures in view of further disclosures by Sandisk, further fact and expert discovery, further production of documents, further investigation, or further allegation by any party. Defendants incorporate by reference in their disclosures, discovery responses, expert disclosures or reports, and briefs and supporting documents that any party serves or files in the course of action.

Based on the information known to Defendants at this time, the litigation theories and general factual basis of Defendants' defenses include at least the following:

1. **Failure to State a Claim**

Sandisk's Complaint fails to state a claim upon which relief can be granted.

2. **Lack of Standing**

Sandisk lacks standing to bring its claims against Defendants.

3. **First to File Rule**

Sandisk's action is barred or should be stayed or dismissed under the First to File Rule due to IPValue's earlier filed lawsuit involving the same patents and parties (or substantially similar ones) in the Central District of California.

4. **Res Judicata, Claim Preclusion, Issue Preclusion**

Sandisk's claims may be barred in whole or in part by prior litigation involving the same patents and issues.

5. **Notice, Damages, and Costs**

IPValue denies that Sandisk is entitled to any relief whatsoever. Sandisk is not entitled to declaratory judgment of noninfringement, injunctive, or equitable relief at least because it has not alleged any injury or claim entitling relief.

6. **Reservation of Additional Defenses**

IPValue reserves the right to assert additional defenses that may surface as this case proceeds.

IV. **DOCUMENTS AND THINGS**

IPValue will produce documents and tangible things in its possession, custody, or control that are relevant to the pleaded claims and defenses involved in this action, except to the extent

these disclosures are affected by the time limits set forth in the Local Rules for the Northern District of California or other Federal Rules.

IPValue may use the following category of documents and tangible things to support its defenses: (1) prior litigation or pre-suit enforcement of the Declaratory Judgment Patents, including complaints and cease-and-desist letters, (2) licensing records and agreements related to the Declaratory Judgment Patents, (3) communications with Sandisk or related entities regarding the subject matter of the Declaratory Judgment Patents, (4) filings from earlier-filed litigation, including pleadings, motions, and correspondence, relevant to IPValue's first to file defense.

IPValue's investigation is ongoing, and it reserves the right to identify additional documents and object to the production of any documents described herein on any basis permitted under the Federal Rules and any other applicable law or privilege. IPValue further reserves the right to seek protection under a suitable protective order, agreed to by the parties or issued by the court under Rule 26(c), for any information to be provided by it in discovery in this action.

## V.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Based on the information currently available, each individual identified below is believed likely to have knowledge of relevant facts. Some of the individuals listed below may have information that consists of expert analysis or expert opinion. Identifying such persons below at this time shall not constitute a waiver of the right to call on and/or rely on such individuals as experts nor does their disclosure below constitute an agreement to commence expert discovery at this time. IPValue further reserves the right to identify or call additional or different individuals as witnesses if, during the course of discovery and investigation relating to this case, IPValue Management learns that such additional or different individuals have relevant knowledge.

| Name and Contact Information | Summary of Knowledge |
|---|---|
| Amit Garg* <br> Longitude Management Flash Solutions | Knowledge of general program and structure of Longitude Management Flash Solutions, acquisition and ownership the Declaratory Judgment Patents. |
| Warren Waskiewicz* <br> IPValue Management, Inc. | Knowledgeable of licensing discussions with Western Digital related to the Declaratory Judgment Patents. |
| Inventors of the Declaratory Judgment Patents | Knowledgeable about the conception, reduction to practice, diligence, design, and development of the Declaratory Judgment Patents. |
| Western Digital Corporation | Knowledgeable about prior corporate structure of Sandisk, past and present relationship between Sandisk and Western Digital, the development, marketing, distribution, and sale of the Sandisk products prior to split, and licensing discussions with IPValue regarding the Declaratory Judgment Patents. |
| Sandisk's employees knowledgeable about the history, design, and development of Sandisk products and the significance of the use of its products which enable the technology of the Declaratory Judgment Patents. | The history, design, and development of Sandisk products, and the significance of the technologies covered by the Declaratory Judgment Patents, including research, development, and technical aspects of Sandisk memory flash solutions. |
| Sandisk employees knowledgeable about the design, development, and creation of products which incorporate or enable the technology covered by the Declaratory Judgment Patents. | The technical operation of Sandisk products alleged to infringe the Declaratory Judgement Patents, including technical information about Sandisk products. |
| Sandisk employees knowledgeable about the United States manufacture and sales of Sandisk products. | The United States manufacture and sales of Sandisk products, including information about revenue and units sold. |
| Sandisk's third-party supplier(s), and employees of such suppliers, including those with knowledge about the history, design, and development of Sandisk products. | The history, design, development, distribution of Sandisk products, including the significance of the technologies covered by the Declaratory Judgment Patents in relation to Sandisk products. |

5

Additionally, IPValue incorporates by reference all individuals who may be identified during discovery in this matter, including in Sandisk's Initial Disclosures, the parties' responses to interrogatories, and documents produced by the parties and third parties.

No current IPValue employee or consultant may be contacted without the prior consent of IPValue counsel. People and entities listed above with asterisks (*) by their name may be contacted only through IPValue's counsel.

IPValue's investigation, research, and analysis of the issues related to this case is ongoing. If IPValue identifies additional entities and individuals likely to have discoverable information that it may use to support its claims or defenses, it will supplement this disclosure pursuant to Fed. R. Civ. P. 26(e).

## VI. INSURANCE AND INDEMNITY AGREEMENTS

IPValue is not presently aware of any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## VII. BASIS FOR DAMAGES CLAIMED

IPValue denies that Sandisk is entitled to any relief in this action. Sandisk has not yet provided a sufficient claim of damages or damages theory. IPValue reserves the right to respond and/or rebut Sandisk's damages claims and theories at an appropriate time. Further, IPValue reserves the ability to specify an assessment of attorneys' fees.

Dated: June 5, 2025

Respectfully submitted,

By: */s/ Mackenzie Paladino*

Brian Ledhal (CA SBN (186579)
bledhal@raklaw.com

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Mackenzie Paladino (NY SBN 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Defendants IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 5, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

>             */s/ Mackenzie Paladino*
>             Mackenzie Paladino