1  KEKER, VAN NEST & PETERS LLP
   AJAY S. KRISHNAN #222476
2  akrishnan@keker.com
   RYAN K. WONG #267189
3  rwong@keker.com
   ERIN E. MEYER #274244
4  emeyer@keker.com
   STEPHANIE J. GOLDBERG #328710
5  sgoldberg@keker.com
   ERIC B. HANSON #254570
6  ehanson@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:  415 391 5400
8  Facsimile:   415 397 7188

9  Attorneys for Defendants
   WESTERN DIGITAL CORPORATION and
10 SANDISK CORPORATION

11

12                    UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                   SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| IPVALUE MANAGEMENT, INC. and LONGITUDE FLASH MEMORY SOLUTIONS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, and SANDISK CORPORATION,<br><br>Defendants. | Case No. 8:25-cv-00119-MWF (DFMx)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date Filed:  January 22, 2025<br><br>Trial Date:  Not Yet Set |

## I. INTRODUCTION

Plaintiffs' opposition brief confirms the fundamental defect of their Amended Complaint: it never leaves the realm of conjecture, and fails to plausibly allege that any specific product of Defendants Western Digital Corporation ("Western Digital") or Sandisk Corporation ("Sandisk") practices every limitation of any asserted patent claim. Because the Amended Complaint "stops short of the line between possibility and plausibility," the Court should grant Defendants' Motion in full. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545–46 (2007).

Cognizant of these pleading failures, Plaintiffs IPValue Management, Inc. and Longitude Flash Memory Solutions, Ltd. (collectively, "IPValue") resort to mischaracterizing Defendants' Motion as "a demand for detailed infringement contentions[.]" Opp. at 1. The Court should reject this straw-man argument. As Defendants' opening brief explains, the Amended Complaint fails because it repeatedly states—without any plausible basis or explanation—that a broad swath of Sandisk and Western Digital products infringe Plaintiffs' patents. Those allegations are exactly the sort of "labels and conclusions" that the Supreme Court has held improper, *see Twombly*, 550 U.S. at 555, and that the Federal Circuit has found "do not plausibly allege infringement" at the pleading stage. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) (affirming dismissal of a patent-infringement claim because the complaint failed to explain how critical technical limitations were satisfied by the accused product).

Plaintiffs' reliance on pre-litigation discussions to prop up their allegations only confirms these deficiencies. According to Plaintiffs, the Court should simply assume their allegations are plausible because the parties "have been discussing IPValue's infringement claims since 2021." Opp. at 1. But pre-suit discussions are never a substitute for plausible allegations, nor do they exempt Plaintiffs' Amended Complaint from the requirements of *Twombly* and *Bot M8*.

Finally, Plaintiffs repeatedly suggest that it is Defendants' burden to assert

1

that "they do not understand what is being accused" on a Motion to Dismiss. *See, e.g.*, Opp. at 1, 9. But that is not the law, and—in any event—misses the point. The Amended Complaint's deficiencies are not about *what* is being accused of patent infringement; it is the *why* and *how* the accused products supposedly infringe that are devoid of plausible allegations.

In short, Defendants' Motion demands nothing more than plausible allegations that meet the pleading standards for patent-infringement claims. The Amended Complaint fails to meet those standards. For that reason, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety.

## II.  ARGUMENT

### A.  The Amended Complaint is devoid of any facts related to the claimed "oxygen-rich" and "oxygen-lean" charge trap layers required by all three Polishchuk patents.

Plaintiffs concede that a patent-infringement complaint *must* include plausible factual allegations for at least "the critical elements" of the asserted patents and their claims. *See* Opp. at 11–12 (citing *Bot M8* and quoting from caselaw from this District reciting this pleading requirement). The Amended Complaint, however, fails to plausibly allege that critical elements of the Polishchuk patents[1] are met by any of Defendants' products.

As explained in the opening brief, each of the asserted Polishchuk patents requires a multi-layer charge trapping region that includes, among other things, an "oxygen-rich nitride" abutting the tunnel dielectric layer and a second layer comprising "silicon-rich, oxygen-lean nitride." *See* Mot. at 11–12. This is one of the defining features of the Polishchuk patents, as every independent patent claim requires an "ONNO" or "ONONO" structure with an "oxygen-rich" and "oxygen-lean" charge trap layer. *See id.*

---

[1] The "Polishchuk patents" are U.S. Patent Nos. 8,633,537 (the "'537 patent"), 9,929,240 (the "'240 patent"), 11,456,365 (the "'365 patent"). All three patents have a common specification and the same inventors.

While IPValue devotes eight pages of its opposition criticizing Defendants' arguments, *see* Opp. at 5–13, it conspicuously sidesteps *any* meaningful discussion of these critical elements regarding the oxygen content of the charge trapping region in any of Defendants' products. The reason for this omission is evident from the Amended Complaint itself: IPValue does not plead *any* facts about the oxygen content of Defendants' products' charge trapping region. Nothing in the Amended Complaint, aside from IPValue's bald assertions and its arbitrarily colored rings, supports the allegation that any Sandisk or Western Digital product has a multiple-layered charge trap region with both an "oxygen-rich" layer and an "oxygen-lean" layer. Indeed, all IPValue can say about these critical elements in its opposition brief is that "[t]he allegations in the complaint concerning the chemical composition of these layers must be accepted as true for the purposes of this motion." Opp. at 8. That is *not* the law under *Twombly* or *Bot M8.* To the contrary, those cases are clear that such conclusory assertions, particularly with respect to a "critical element" of the claims, are *insufficient* as a matter of law to survive a motion to dismiss. For this reason alone, Plaintiffs' infringement claim for the Polishchuk patents should be dismissed.

Plaintiffs' vague references to "additional analyses of chemical composition that were performed prior to filing the complaint, and knowledge of experts in the relevant field" only underscore the threadbare nature of their pleadings. *See* Opp. at 8. Whatever "analyses" and "knowledge" IPValue is referring to in its opposition brief, it was not included in the Amended Complaint, and IPValue cannot rely on material outside of the pleadings to avoid dismissal.[2]

IPValue also cites *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888

---

[2] Relatedly, IPValue's opposition brief impermissibly includes an additional TEM image that was not in its Amended Complaint. That image, which purportedly shows Sandisk's products without colored rings, says nothing about whether there are multiple layers of the charge trapping region, and nothing about the oxygen content of any layer in the charge trapping region.

F.3d 1256 (Fed. Cir. 2018), as supposedly supporting its position. Opp. at 9. There, the Federal Circuit held that a pleading that included only pictures of the accused spinal brace was sufficient to plead patent infringement. *Disc Disease* at 1257–58, 1260. But unlike the patents in *Disc Disease*, where the claimed features (like a "flexible air injectable band") can be readily observed in a product photo, *see id.* at 1257-58, the Polishchuk patents cover complex semiconductor layers deposited at the scale of a few nanometers, and—most important—their critical elements include the chemical compositions (*e.g.*, the oxygen content) of those layers that TEM images do not reveal. IPValue's attempt to downplay the differences between the patents in *Disc Disease* and the Polishchuk patents is disingenuous. Opp. at 9. Courts require more from pleadings regarding complex technology like semiconductor technology. *Seoul Semiconductor Co. v. Finelite, Inc.*, No. 22-cv-02869-TLT, 2023 WL 7106480, at *5 (N.D. Cal. Jan. 27, 2023) ("Plaintiffs argue that they will provide '**additional evidence** beyond the TEM image during discovery.' That, however, is insufficient. Plaintiffs must plausibly plead infringement at the pleading stage.") (cleaned up). *See also Lexington Luminance LLC v. Bulbrite Indus., Inc.*, No. 22-3787, 2023 WL 143911, at *6 (D.N.J. Jan. 10, 2023) ("The Court also finds the level of detail here insufficient given the complexity of the technology, which concerns LEDs with a particular structure and chemical composition.")

Plaintiffs also attempt to distinguish *N. Star Innovations, Inc. v. Etron Tech. Am. Inc.*, No. CV 8:16-00599 SJO (FFMxx), 2016 WL 9046909, at *4 (C.D. Cal. Sept. 21, 2016) by arguing that the court there found that "the complaint lack[ed] a single factual allegation concerning the structure and operation of the 512Mb DDR2 SDRAM and 256Mb DDR SDRAM instrumentalities accused of infringing. . . ." Opp. at 13 (emphasis omitted). But the court in *North Star* went on to explain that failing to map even one limitation (even though other limitations were mapped) can be fatal to a complaint. *Id.* (discussing a case where "the operative complaint

failed to state a claim where it failed to map a single claim limitation onto any portion of the accused products, even though the plaintiff 'ha[d] attempted to map most of the elements in the exemplary claim onto its description of the accused products in the [pleading].'"). Here, Plaintiffs have not pleaded any facts showing that Defendants' products have the claimed oxygen-rich and oxygen-lean layers. Plaintiffs similarly try to distinguish *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, (E.D. Tex. Dec. 11, 2018), by asserting that Plaintiffs have "provide[d] factual allegations for each limitation of the identified exemplary claim. . . ." Opp. at 13. But as discussed above, that is not true. IPValue has not provided any facts that demonstrate that any of Defendants' products have oxygen-rich and oxygen-lean layers.

      Finally, Defendants are not demanding detailed infringement contentions, as IPValue repeatedly suggests. Opp. at 1, 12. Defendants are merely holding IPValue to the pleading standard under *Bot M8* that IPValue itself articulated in its opposition brief. *See* Opp. at 11–12 (acknowledging that there must be plausible factual allegations that all "critical elements" of a patent claim have been met by the accused product); *see also Bot M8*, 4 F.4th at 1353 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."). As explained above and in Defendants' opening brief, IPValue has not pleaded any factual allegations (let alone plausible allegations) showing that any Sandisk product has a multilayer charge trapping region where one layer is "oxygen-rich" and the other "oxygen-lean." Any assertion by IPValue regarding the chemical composition of Sandisk's or Western Digital's charge trapping region is therefore pure speculation, which falls "short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.

      For these reasons, the Court should grant Defendants' Motion to Dismiss with respect to the Polishchuk patents.

**B.  The Amended Complaint fails to plausibly allege that Defendants' products incorporate the technology described in the 2018 ISSCC Paper, or infringe the '505 patent.**

IPValue's opposition brief presents an embellished summary of its allegations for U.S. Patent Nos. 6,963,505 (the "'505 patent") to distract from the inadequacy of its pleadings. *See* Opp. at 13–15. But once those embellishments are stripped aside, the Amended Complaint's sole factual contention tying the '505 patent to Defendants' products focuses on a 2018 industry paper (referred to herein as "the 2018 ISSCC Paper") that *does not mention a single Sandisk or Western Digital product*, and that describes only a *proposed* technology. *See* Amended Complaint, ¶ 77 ("We *propose* a smart $V_{th}$ tracking read (SVTR) to improve the retry read performance by reducing the number of tracking cycles, and to support a program-suspend read function" (emphasis added)). That contention is not nearly sufficient to plausibly allege that any Sandisk or Western Digital product infringes the '505 patent.

Indeed, despite IPValue's handwaving, there are no facts that link the disclosures in the 2018 ISSCC Paper with the single accused product identified in the Amended Complaint: the WD Blue SN550. While IPValue argues that its pleadings explain that "the ISSCC 2018 96L Paper describes techniques utilized in the operation of the 96L and/or 112L Accused Products[,]" *see* Opp. at 14, IPValue made this assertion solely "on information and belief" with no factual support whatsoever. Amended Complaint, ¶ 75. Plaintiffs cannot immunize their pleadings from scrutiny under *Twombly* and *Bot* M8, or transform a speculative assertion into a plausible one, by simply adding "on information and belief" to an allegation. *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-cv-05784-JST, 2020 WL 7392909, at *4 (N.D. Cal. July 23, 2020) ("'Despite the common appearance of' the phrase 'on information and belief' in practice, 'it is not a recognized pleading device under the rules.'") (quoting *Delphix Corp. v. Actifo, Inc.*, C 13-4613 RS, 2014 WL 4628490, at *1 (N.D. Cal. Mar. 19, 2014)).

IPValue also argues that its allegations must be credited because the Amended Complaint contains sufficient facts from which its "belief" can be formed. Opp. at 18. But that is not the case here. Nothing in the 2018 ISSCC Paper suggests that the paper's "propose[d]" technology was ever implemented in any actual Sandisk or Western Digital product, and the Amended Complaint provides no facts—from within the 2018 ISSCC Paper or outside of it—that can reasonably support its "belief." Mot. at 14–16.

The only other supposed "fact" on which IPValue relies to support its infringement claim for the '505 patent is that in pre-suit negotiations, Defendants failed to deny that the 2018 ISSCC Paper covered their products. Opp. at 14. But Defendants' purported silence regarding the 2018 ISSCC Paper evidences nothing, and cannot support an inference of liability, because Defendants had no obligation to say anything affirmative to IPValue about the paper. *See* Mot. at 17–18. While IPValue attempts to distinguish *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 338 (S.D.N.Y. 2003), which held that silence cannot be used as evidence of liability where there is no obligation to speak, *see* Opp. at 19, all IPValue can muster is that *Helprin* was not a patent case. But that misses the point entirely. The common-sense holding of *Helprin* is that a defendant's silence in response to a plaintiff's assertion cannot be used to infer anything if the Defendant was under no duty to speak. If the law was as IPValue suggests, plaintiffs everywhere would assert all sorts of outlandish things to a defendant (as IPValue has done here), and if the defendant does not specifically deny these allegations, the defendant's silence could be used as "facts" to support an otherwise deficient complaint. That cannot be (and is not) what *Twombly* and *Bot M8* stand for.

Finally, IPValue attempts to twist *Kolon Industries, Inc. v. Hyosung Advanced Materials Corp.*, No. SA CV 24-00415 JVS-JDE, 2024 WL 3915072 (C.D. Cal. July 26, 2024) to support its allegations for the '505 patent, *see* Opp. at 16–17, but it misreads that case in several respects. *First*, the 2018 ISSCC paper is

7

not similar at all to the defendant's patent application discussed in *Kolon*. Indeed, the 2018 ISSCC paper was drafted by sixty-four different authors, *the majority of whom are not Sandisk employees*. Therefore, there is no reason to presume that a *proposed* idea discussed in the 2018 ISSCC Paper will be used in any of the Defendants' products. *Second*, even if it were plausible to make that assumption, IPValue has not pleaded (unlike the plaintiff in *Kolon*) any facts to suggest the technology ended up in a Sandisk or Western Digital product, as opposed to a Toshiba product, or that this supposed product was imported into the United States as opposed to being sold only in Japan. *Kolon Indus.* at **4–5. Further, unlike the plaintiff in *Kolon*, IPValue has not pleaded any facts to suggest that *any* product uses the technology described in the 2018 ISSCC Paper or that such product was imported into the United States. Just as in *Kolon*, these deficiencies warrant dismissal of IPValue's patent-infringement claim.

In sum, the only evidence IPValue relies upon to support its claim of infringement of the '505 patent is the 2018 ISSCC Paper, which never mentions or suggests that the "propose[d]" technology disclosed therein is (or will be) used in any Sandisk or Western Digital product. And the Amended Complaint merely annotates excerpts from the 2018 ISSCC Paper with the claim language, with no explanation tying the two together. Thus, even beyond IPValue's failure to tie the 2018 ISSCC Paper to any actual Sandisk or Western Digital product, the Amended Complaint provides only labels and conclusions that cannot form the basis of a complaint. *See* Mot. at 18–19. For all these reasons, the Court should grant Defendants' Motion and dismiss the '505 patent infringement claims.

### C. The Amended Complaint does not plead sufficient facts to support infringement of the '664 patent.

Like the other patents, IPValue's allegations regarding U.S. Patent No. 7,671,664 (the "'664 patent") fails because the Amended Complaint contains only conclusory statements that cannot plausibly support a claim for infringement.

IPValue barely tries to defend its pleading regarding the '664 patent, offering no meaningful response to Defendants' arguments other than alleging that Defendants are somehow demanding "detailed infringement contentions" above and beyond what the rules require. *See* Opp. at 20. But the Amended Complaint, which fails to address several critical claim elements of the '664 patent, speaks for itself.

As one glaring example, Defendants' Motion to Dismiss points out that IPValue's pleadings do not explain what "outputs of the comparator" refer to, nor does it identify the "current sink" or "capacitor," or the claimed "clock control circuit." Mot. at 19. These are critical limitations. For example, the Summary of Invention for the '664 patent explains that a charge pump control that overcomes deficiencies in the prior art has four main parts, including the claimed "clock control circuit." '644 patent, 1:50-54. But the Amended Complaint fails to identify the "clock control circuit" or explain how it is "configured to output a switch clock control signal based on the dynamic load" as claimed by the '664 patent. *See* Mot. at 19. Instead, the Amended Complaint relies solely on conclusory images (with inscrutable labeling) lacking any plausible facts supporting these key claim elements. *See Bot M8*, 4 F.4th at 1353 (a "plaintiff cannot assert a plausible claim for infringement. . . by reciting the claim elements and merely concluding that the accused product has those elements."); *see also N. Star Innovations*, 2016 WL 9046909, at *5; *Chapterhouse*, 2018 WL 6981828, at *2.

IPValue has no response to these deficiencies. Instead, IPValue simply repeats its generic allegations as if saying it twice will supply the missing critical elements to support the conclusion that any Sandisk or Western Digital Product infringes. *See* Opp. at 20. IPValue's impenetrable and conclusory annotations cannot support its infringement claim. *See Bot M8*, 4 F.4th at 1353 (a "plaintiff cannot assert a plausible claim for infringement. . . by reciting the claim elements and merely concluding that the accused product has those elements."). The Court

should grant Defendants' Motion and dismiss the '664 patent infringement claims.

## III. CONCLUSION

For the reasons stated above and in Sandisk's and Western Digital's Motion, Sandisk and Western Digital respectfully request that the Court grant their Motion to Dismiss all five patents in this case.

Dated: June 16, 2025

KEKER, VAN NEST & PETERS LLP

By: /s/ *Ryan K. Wong*
AJAY S. KRISHNAN
RYAN K. WONG
ERIN E. MEYER
STEPHANIE J. GOLDBERG
ERIC B. HANSON

Attorneys for Defendants
WESTERN DIGITAL CORPORATION and SANDISK CORPORATION

## CERTIFICATION

The undersigned, counsel of record for Defendants WESTERN DIGITAL CORPORATION and SANDISK CORPORATION, certifies that this brief contains 3,140 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 16, 2025

/s/ *Ryan K. Wong*
RYAN K. WONG